# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **THOMAS WAYNE WALLER** | **CIVIL ACTION NO. 19-1115** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF JAY RUSSELL, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned is a "Motion for Judgment as a Matter of Law," [doc. # 14], filed by Plaintiff Thomas Wayne Waller, a prisoner at Lincoln Parish Detention Center proceeding pro se and in forma pauperis, on September 19, 2019. Plaintiff filed the instant proceeding on August 26, 2019, under 42 U.S.C. § 1983, naming Sheriff Jay Russell, in his official capacity, and Deputy John Doe, in his individual and official capacities, as defendants.[1] For reasons that follow, the Court should deny Plaintiff's motion as premature.

## Background

Plaintiff alleges that, on approximately July 5, 2019, at around 2:00 a.m., a deputy with the Ouachita Parish Sheriff's Office stopped and detained him without reasonable suspicion or probable cause. [doc. # 1, p. 2]. At the time, Plaintiff, an African American, was walking on Smith Street with a white female "back to her house" in West Monroe, Louisiana. [doc. #s 1, p. 2; 9, p. 1].

The deputy, who was in a vehicle traveling towards Plaintiff, "crossed the yellow line, brightened his headlights, blinded [Plaintiff], forced [Plaintiff] into a puddle of muddy water, and

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

ordered [Plaintiff] to halt or stop." [doc. # 1, p. 3]. Plaintiff immediately "put [his] hands in the air so [the deputy] could see [them] and [Plaintiff] wouldn't be shot down." *Id.* Plaintiff suggests that, before he was identified, he was searched, "handcuffed, detained, and taken into custody for an old FTA warrant out of Lincoln Parish." [doc. #s 1, p. 3; 6, p. 3].

Plaintiff claims that the deputy stopped, detained, and searched him "for no apparent reason other than being an African American and walking with a female of the opposite race." [doc. #s 1, p. 3; 6, p. 4]. Other officers "made offensive remarks as to why [Plaintiff] was with a white female . . . ." [doc. # 6, p. 3].

Plaintiff was "written a ticket or charge[d] for obstructing the highway which was dismissed by the Judge and [he] was given time served for the other charge attempted or evading arrest, no identification and incorrect name. [sic]." *Id.* at 4.

Plaintiff seeks punitive damages, reimbursement for court costs, and $50,000.00 in compensatory relief. [doc. #s 1, p. 3; 6, p. 5; 12, p. 1]. He also asks the Court to order the Sheriff's Office to "implement a racial profiling training program" and to "discontinue these unfair practices." *Id.*

In the instant motion, Plaintiff "moves this Court to render a judgment as a 'matter of law' once the discovery of requested video, documents, etc. evidence has been inspected and reviewed by the Court and before presentment to a jury. [sic]." [doc. # 14].

## Law and Analysis

By moving for judgment as a matter of law, Plaintiff essentially moves for summary judgment. Under FED. R. CIV. P. 56(a) (emphasis supplied), "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to *judgment as a matter of law*.").

"Although [Federal Rule of Civil Procedure 56] allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case." ADVISORY COMMITTEE NOTE to 2010 Amendment to Fed. R. Civ. P. 56.

Here, Plaintiff's motion is premature. The Court has not completed the initial review process.[2] If Plaintiff's claims survive the initial review stage, Plaintiff may then move for summary judgment.

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff Thomas Wayne Waller's "Motion for Judgment as a Matter of Law," [doc. # 14], be **DENIED AS PREMATURE AND DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to re-urge his motion if and when his claims survive initial review.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

---

[2] Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under Section 1915(e)(2).

**(14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, 25th, day of September, 2019.

_____
Karen L. Hayes
United States Magistrate Judge