UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**THOMAS WAYNE WALLER**              **CASE NO.  3:19-CV-01115 SEC P**

**VERSUS**                           **JUDGE TERRY A. DOUGHTY**

**JAY RUSSELL**                      **MAG. JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

Pending before the undersigned magistrate judge, on reference from the District Court, is a motion for summary judgment filed by plaintiff Thomas Wayne Waller. [doc. # 43]. The motion is unopposed. For reasons that follow, it is recommended that the motion be DENIED.

### Background

Waller brings a Section 1983 claim for racially selective law enforcement against Sherriff Russell and Deputy Kelsey Hines.[1]

Waller alleges that, on approximately July 5, 2019, at around 2:00 a.m., a deputy with the Ouachita Parish Sheriff's Office detained him without reasonable suspicion or probable cause. [doc. # 1, p. 2]. Waller, a black man, was walking on Smith Street with a white female "back to her house" in West Monroe, Louisiana. [doc. #s 1, p.2; 9, p.1].

The deputy, who was in a vehicle traveling towards Waller, "crossed the yellow line, brightened his headlights, blinded [Waller], forced [Waller] into a puddle of muddy water, and ordered [Plaintiff] to halt or stop." [doc. # 1, p. 3]. Waller immediately "put [his] hands in the air so [the deputy] could see [them] and [Waller] wouldn't be shot down." *Id.* Waller suggests that before he was identified, he was searched, "handcuffed, detained, and taken into custody for an old [failure-to-appear] warrant out of Lincoln Parish." [doc. #s 1, p.3; 6 p.3].

---

[1] All claims other than the racially selective law enforcement claim have been dismissed. *See* doc. #s 24, 32.

1

Waller claims that the deputy stopped, detained, and searched him "for no apparent reason other than being an African American and walking with a female of the opposite race." [doc. #s 1, p. 3; 6, p. 4]. The officer "pat down" Waller's clothing and searched inside his pockets. [doc. # 22, p. 1]. The officers "made offensive remarks as to why [Waller] was with a white female…" [doc. # 6, p. 3]. Waller alleges the "white female" was not searched, and she did not provide a driver's license or other identification. [doc. # 19, p.3] Officers then allowed her to leave after only requesting her name. [doc. # 22, p. 2].

On May 18, 2020, Waller filed a motion for summary judgment. [doc. # 43]. Per the notice of motion setting, defendants had until June 11, 2020, to file a response, but did not do so. [doc. # 44]. Thus, the motion is unopposed.

## **Law and Analysis**

1. **Summary judgment standard**

A motion for summary judgment cannot be granted simply because there is no opposition. An unopposed motion seeking summary judgment shall be entered "if appropriate." Fed. R. Civ. P. 56(e). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(1)(4). 28 U.S.C. § 1746 relaxes the requirements for an affidavit and grants an unsworn declaration made under the penalty of perjury the same effect, but only when the unsworn

2

declaration is (1) "in writing of such a person which is subscribed by him," (2) declared "true under the penalty of perjury," and (3) dated.

The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*. Unless the moving party meets this burden, the court may not grant the unopposed motion, regardless of whether any response was filed. *King v. Perry*, 2008 WL 205445, at *1 (W.D. La. Jan. 22, 2008)(citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)).

None of the documents submitted by Waller satisfy the requirements of Fed. R. Civ. P. 56 or § 1746. Waller does not submit an affidavit, nor point to any evidence in the record that supports his claim. He relies on his complaint(s) and the facts set forth in his motion for summary judgment, but these were not signed under the penalty of perjury. Thus, there is no competent evidence to support entry of summary judgment at this time.

The court takes any allegations of racial discrimination seriously. However, in the instant case, plaintiff has not provided adequate evidence of discrimination, even though the motion is unopposed. Thus, the motion should be denied.

## Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** Thomas Waller's motion for summary judgment be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within

fourteen (14) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, shall bar an aggrieved party, except on the grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions accepted by the District Judge.**

In Chambers, at Monroe, Louisiana, this 24th day of June 2020.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE